

AARON R. EASLEY
(908) 237-1660
aeasley@sessions.legal

February 24, 2016

Honorable LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Goodman v. United Collection Bureau, Inc.
Docket No. 1:16-cv-00157-LDH-CLP

Dear Judge DeArcy Hall:

SESSIONS, FISHMAN, NATHAN & ISRAEL represents defendant United Collection Bureau, Inc. (UCB) in the above matter. Please accept this pre-motion letter in support of UCB's request for a pre-motion conference in advance of the filing of a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff has alleged UCB violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, when it sent to her a November 9, 2015, collection letter that contained the following statement: "If you have a complaint about the way we are collecting this debt, please contact the Ohio Attorney General's office online at www.ohioattorneygeneral.gov or www.speakoutohio.gov." [Dkt. 1 at ¶ 9.] Plaintiff contends she "attempted to go to the website on the Internet with the domain www.speakoutohio.gov" and "discovered that no such website exists." *Id.* at ¶¶ 16 and 17. As a result, plaintiff contends UCB violated section 1692e, which states that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at ¶ 21. Specifically, plaintiff contends "The November 9 letter contains a false and misleading statement, [sic] in advising consumers that they may raise a complaint regarding defendant's debt collection practices at the website www.speakoutohio.gov. In fact, no such website exists." *Id.* at ¶ 22.

UCB contends it has not violated the FDCPA and that the action should be dismissed. First, the subject website is an official website address of the government of the State of Ohio, just as is the website address www.ohioattorneygeneral.gov. *See* publication from Ohio Attorney General Mike DeWine, attached as Ex. "A." Second, the www.ohioattorneygeneral.gov website does "work" and thus, plaintiff had another option

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

Honorable LaShann DeArcy Hall
February 24, 2016 – Page 2

if one of the two website addresses did not work. It is also noted that the subject letter also contained an 800 number at which the Ohio Attorney General could be contacted, i.e., 1-800-282-0515. Third, to the extend the State-sponsored website did not work, such glitch, notwithstanding the glitch was no fault of UCB, is not "material" and thus does not give rise to a violation of the FDCPA, *infra*.

In this Circuit, the "test for determining whether a collection letter violates [15 U.S.C. § 1692e] is an objective standard based on the 'least sophisticated consumer.'" *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). Whether or not the wording of a collection letter is misleading to the "least sophisticated consumer" is a question of law. *Harry v. Pentagroup Fin. LLC*, Civ. No. 04–CV–4003, 2007 WL 812998, at *2 (E.D.N.Y. Mar. 14, 2007); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir.1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e."). The "least sophisticated consumer" standard is designed to protect all consumers, both "the gullible as well as the shrewd." *Jacobson*, 516 F.3d at 90. "The hypothetical least sophisticated consumer does not have 'the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer,' but is neither irrational nor a dolt...." *Ellis v. Solomon and Solomon, P.C.* 591 F.3d 130, 135 (2d Cir. 2010) (internal references omitted). "[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon,* 988 F.2d at 1318-19).

Beyond showing the statement at issue is false, plaintiff here must also demonstrate the statement is a material misrepresentation. *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed.Appx. 89, 94, 95 (2d Cir.2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations.") ("mere technical falsehoods that misle[a]d no one" are insufficient to impose liability under Section 1692e.")((quoting *Donohue v. QuickCollect, Inc.*, 592 F.3d 1027, 1034 (9th Cir.2010)); *Jensen v. Pressler & Pressler*, 2015 WL 3953754 (3d Cir. June 30, 2015); *Fritz v. Resurgent Capital Servs., LP*, 955 F.Supp.2d 163, 170 (E.D.N.Y.2013)("only material misrepresentations are actionable under the FDCPA."). Section 1692e "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

Honorable LaShann DeArcy Hall
February 24, 2016 – Page 3

undermines it (if the statement is incorrect)." *Hahn v. Triumph P'ships*, 557 F.3d 755, 757–58 (7th Cir.2009).

      For the foregoing reasons, UCB contends there is no material misrepresentation and thus requests that a pre-motion conference be scheduled so that UCB can expound upon its argument and the Court can enter a briefing schedule.

                              Respectfully submitted,
                              /s/ Aaron R. Easley
                              Aaron R. Easley

ARE:cjg
cc: Gabriel Posner, Esq. (via ECF)