**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA GOODMAN, for herself and all others similarly situated<br><br>Plaintiffs,<br><br>-against-<br><br>UNITED COLLECTION BUREAU, INC.<br><br>Defendant. | Index Number 16-cv-00157 (LDH)(CLP)<br><br><u>**CIVIL CLASS ACTION**</u><br><br>**FIRST AMENDED<br>COMPLAINT<br><u>AND JURY DEMAND</u>** |

Plaintiff alleges:

<u>**NATURE OF THE ACTION**</u>

1.      Defendant engaged in unlawful debt collection practices in violation of The Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, ("<u>FDCPA</u>").

<u>**JURISDICTION AND VENUE**</u>

2.      The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).  Plaintiff is a resident of this judicial district, and communications giving rise to this action were sent to Plaintiff in this district.

<u>**PARTIES**</u>

4.      Plaintiff is a natural person and a resident of Brooklyn, New York, and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

5.      Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

6.      Defendant is a company that uses the mail, telephone, or facsimile to regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

7.      In the course of its debt collection business, Defendants regularly engages in interstate commerce and regularly conducts business within this judicial district.

8.      Defendant is organized under the laws of Ohio, with its principal place of business located at 5620 Southwyck Blvd., suite 206, Toledo, Ohio 43614.

## CLASS ACTION ALLEGATIONS

9.      Plaintiff brings Count I of this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all similarly situated New York consumers and their successors in interest.   The Class consists of:

a)  All New York residents who were sent letters from Defendant,

b)  in connection with a "debt" as defined by 15 U.S.C. § 1692a(5), purportedly owed to Chase Bank USA, N.A., and

c)  in which the following language appears: "If you have a complaint about the way we are collecting this debt, please contact the Ohio Attorney General's office online at www.ohioattorneygeneral.gov or www.speakoutohio.gov."

The class excludes all persons in bankruptcy proceedings.

10.     The Class period begins one year to the filing of this Action.

11.     This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

2

a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds of persons who have received debt collection letters and/or notices from the Defendants that violate the FDCPA. Plaintiff is complaining of a standard form letter sent to hundreds of persons;

b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation whether the defendants violated various provisions of the FDCPA as alleged more fully below;

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

    h)  Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## UNLAWFUL DEBT COLLECTION

12.    Prior to November 9, 2015, Plaintiff used a credit card issued by Chase Bank USA, N.A. to purchase goods and/or services which were primarily for personal, family and household purposes.

13.    Plaintiff thereby incurred a "debt" on her Chase Bank credit card within the meaning of the FDCPA, under 15 U.S.C. § 1692a(5).

14.    By letter dated November 9, 2015, sent by Defendant via U.S. Mail to Plaintiff, Defendant sought to collect from Plaintiff the debt Plaintiff had incurred on her Chase Bank credit card (the "November 9 Letter").

15.    A copy of the November 9 Letter is attached hereto as **Exhibit A**, except that certain identifying information has been redacted.

16.    The November 9 Letter states (emphasis added): "If you have a complaint about the way we are collecting this debt, please contact the Ohio Attorney General's office online at www.ohioattorneygeneral.gov **or www.speakoutohio.gov**."

4

17.     Plaintiff attempted to go to the website on the Internet with the domain "www.speakoutohio.gov".

18.     Plaintiff discovered that no such website exists.

19.     Attached hereto as **Exhibit B** is the result displayed on Plaintiff's Internet browser when attempting to go to the domain www.speakoutohio.gov.

20.     As to all FDCPA violations alleged herein, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**COUNT I**
**FALSE AND MISLEADING STATEMENT**
**15 U.S.C. §1692e**

21.     All preceding paragraphs are re-alleged.

22.     Count I is brought by Plaintiff for herself and on behalf of the Class.

23.     Section 15 U.S.C. §1692e of the FDCPA provides that: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24.     The November 9 Letter contains a false and misleading statement, in advising consumers that they may raise a complaint regarding defendant's debt collection practices at the website www.speakoutohio.gov.  In fact, no such website exists.

**COUNT II**
**COMMUNICATION WITH CONSUMER REPRESENTED BY COUNSEL**
**15 U.S.C. §1692c(a)(2)**

25.     All preceding paragraphs are realleged.

26.     Count II is brought by Plaintiff for herself individually, and not on behalf of any class.

27.     Section 1692c(a)(2) of the FDCPA states, "a debt collector may not communicate with a

consumer in connection with the collection of any debt… if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

28. A complaint in the present action was filed on behalf of plaintiff on or about January 12, 2016.

29. On February 4, 2016, undersigned counsel received an email from Kristen P. Arsenault, Esq., United Collection Bureau's General Counsel, with respect to the complaint filed in this action.

30. Ms. Arsenault's February 4th email requested dismissal of this action.

31. Ms. Arsenault's February 4th email demonstrated knowledge and evaluation of the claims asserted by Plaintiff in the complaint filed in this action.

32. Upon information and belief, prior to February 4, 2016, UCB was aware that Plaintiff was represented by counsel with respect to its efforts to collect Plaintiff's Chase credit card debt.

33. On or after February 4, 2016, Defendant continued its collection effort against Plaintiff, by sending Plaintiff directly a collection letter with respect to the Chase credit card debt. See Exhibit C attached hereto.

34. Defendant's collection letter dated February 4 was sent directly to Plaintiff at her home address.

35. Defendant's contacting Plaintiff, when it knew by February 4, 2016, that Plaintiff was represented by counsel, violated section 1692c(a)(2) of the FDCPA.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants as follows:

a)  Certifying the alleged Class and ordering that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)  Awarding Plaintiff and the Class statutory and actual damages;

c)  Declaring that the conduct complained of herein violates the FDCPA, and ordering that Defendant cease from all such further violations of the FDCPA as alleged herein;

d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)  Awarding pre-judgment interest and post-judgment interest; and

f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 9, 2016
       New York, New York

POSNER LAW PLLC

Gabriel Posner, Esq.
270 Madison Avenue, Suite 1203
New York, New York
Phone: 646-546-5022
Email: gabe@PosnerLawPLLC.com
*Attorney for Plaintiff*

7

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury.

Dated: March 9, 2016

_____
Gabriel Posner, Esq.

## **CERTIFICATE OF SERVICE**

I Gabriel Posner, hereby certify that the above First Amended Complaint and Jury Demand, and all exhibits thereto, was served together with and via ECF filing on Aaron Easley, Esq., counsel of record for Defendant United Collection Bureau, Inc., in this action on March 9, 2016.

_____
Gabriel Posner, Esq.